IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


ROBERT WALL, #13965-052                               PETITIONER

VERSUS                         CIVIL ACTION NO. 5:08cv319-DCB-MTP

BRUCE PEARSON, Warden FCI-Yazoo City, et al.          RESPONDENTS


                       MEMORANDUM OPINION

    This matter is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on November 10, 2008, and paid the required filing fee.[1]  The named respondents are Bruce Pearson, the Warden of FCI-Yazoo; and the Attorney General of the United States.

    After pleading guilty, Petitioner states that he was convicted in the United States District Court for the Northern District of New York of willfully and knowingly possessing a devise containing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  He files the instant petition for habeas relief pursuant 28 U.S.C. § 2241 challenging the place of his

---

[1]The instant petition for habeas relief was originally filed by the petitioner along with another inmate, Frederick Banks, and assigned civil action number 5:08cv313DCB-MTP.  An order was entered [2] on December 8, 2008, finding that the petitioners' were improperly joined as parties in the pursuant of this habeas request and therefore, directed that the habeas petition be severed into two separate habeas petitions.  Consequently, as directed by the order [2] entered December 8, 2008, the instant civil action was opened.

incarceration as well as his conviction and sentence.

Petitioner's ground for habeas relief is as follows:

> The Attorney General, Warden and Bureau of Prisons violated 18 U.S.C. § 4042 because by holding petitioner they are violating 25 U.S.C. § 1321.

(Pet. [1] p.4).

In support of this ground for habeas relief, Petitioner argues that only state courts have jurisdiction of criminal matters when an American Indian commits a crime outside the boundaries of an Indian reservation pursuant to 25 U.S.C. § 1321. Thus, since Petitioner is an American Indian, he asserts that he could be confined only for a state offense. Thus, Petitioner alleges that he is now being unlawfully confined and imprisoned by the Bureau of Prisons.

## Analysis

The petition presently before this Court concerns (1) the place of Petitioner's confinement and (2) the validity of his conviction and sentence. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). For the reasons set forth below, Petitioner cannot maintain the instant § 2241 petition for habeas relief.

The general complaint concerning his place of confinement is not properly before this Court as a § 2241 habeas. This claim is

not challenging the Bureau of Prisons' execution or calculation of his federal sentence and does not have any impact on the fact or duration of his confinement. Under the allegations of this claim, this Court finds that he is challenging a condition of his confinement at FCI-Yazoo, *i.e.* the place of his confinement to serve his federal sentence. Therefore, this claim filed pursuant to 28 U.S.C. § 2241 is dismissed with prejudice as frivolous.[2]

To the extent that Petitioner is challenging the validity of the conviction and sentence he received, it is clear, once again, that he is not challenging the execution of his sentence, *i.e.*, how the Bureau of Prisons has calculated his sentence. Instead he is challenging the validity of the conviction and sentence, *i.e.*, the district court did not have jurisdiction to convict or sentence Petitioner for a federal crime because he is an American Indian who committed a crime outside the boundaries of an Indian reservation.

---

[2]Even if Petitioner had properly brought this civil action as a § 2241 habeas petition, he has failed to presented a claim that his constitutional rights have been violated. Petitioner states that he has been convicted and sentenced by the United States District Court for the Northern District of New York for a federal crime, 18 U.S.C. §2252A(a)(5)(B). The Bureau of Prisons has custody of a prisoner during the term of his imprisonment pursuant to 18 U.S.C. § 3621(a) and according to 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." See also, Estes v. Federal Bureau of Prison, 273 F.Supp. 1301, 1307 (S.D. Ala. 2003). Therefore, Petitioner does not have a constitutional right to be housed in a particular facility. See Montanye v. Haymes, 427 U.S. 236 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

"Section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). This Court does not have jurisdiction to address the constitutional issues presented by Petitioner as they regard the actual validity of his conviction and sentence and are the proper subject for a § 2255 motion which must be pursued in the United States District Court for the Northern District of New York where he was convicted and sentenced.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The United States Court of Appeals for the

---

[3] 28 U.S.C. § 2255 states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See <u>Reyes-Requena</u>, 243 F.3d 893 (5th Cir.2001). The Fifth Circuit held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
>
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Reyes-Requena</u>, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." <u>Id.</u> at 903.

To meet the first prong of the <u>Reyes-Requena</u> test, Petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. <u>Reyes-Requena</u>, 243 F.3d at 904. The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of <u>Reyes-Requena</u>. Because both prongs of the <u>Reyes-Requena</u> test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently

5

noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

For the reasons discussed above, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction.

A separate Final Judgment will be entered in the instant case.

SO ORDERED this the 20th day of January, 2009.

                                       s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE